{¶ 46} I concur with the majority but not in its discussion of the law under which an appellate court reviews a challenge to the manifest weight of the evidence.
 {¶ 47} The majority opinion cites to the 1978 case of State v.Eley, ante. Although the syllabus fails to state whether the court is addressing the issue of manifest weight or sufficiency of the evidence, the text of the opinion does make this distinction.[2] In fact, the principle enunciated in the syllabus arises solely in that part of the opinion when the court is discussing sufficiency: "Furthermore, in considering an assignment of error in a criminal case which attacks thesufficiency of evidence, a certain perspective is required. This court's examination of the record at trial is limited to a determination of whether there was evidence presented, `which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' * * * Our view is thus confined to a determination of whether there was substantial evidence." Id. at 172 (emphasis added). In the case at bar, a reference to State v. Eley is misleading because it is located in a discussion of manifest weight.
 {¶ 48} The majority also cites the 1967 case of State v. DeHass,
ante, for the statement that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." This case is far from helpful.
 {¶ 49} First, the appeal in DeHass was solely on "questions of law." The court specified the issues as "(1) the misuse and overemphasis of the term, `guilty,' in the charge and otherwise; (2) reversible error in the charge respecting the third count of the indictment by stating to the jury `that no specific intent is required to constitute the offense of kidnaping with intent to commit rape,' which error confused and misled the jury; and (3) the compounding of such error when the court refused, upon request of counsel, to correct the erroneous charge and in repeating the erroneous charge verbatim when the jury, during the course of its deliberations, asked for further instructions as to the third count of the indictment." These issues are all questions of law, not questions of evidence, as is obvious from the discussion in the opinion.
 {¶ 50} It is not clear, therefore, what questions of evidence theDeHass syllabus was addressing when it referred to the weight of the evidence and the credibility of the witnesses. The only reference in the Supreme Court opinion to any dispute regarding the evidence was the observation that "two of the [appellate] judges wished to reverse the judgment below as manifestly against the weight of the evidence." However, the case never states that the issue articulated by the appellant was manifest weight of the evidence. Further troubling in that opinion is the cryptic comment "We make no comment on the reflections cast on the trial judge in the majority opinion of the Court of Appeals, except to say that they were unwarranted, unjustified and had better been left unsaid."
 {¶ 51} The statement in DeHass as to the weight to be given the evidence and the credibility of the witnesses — arising as it does almost as if from the mind of Zeus — without any details of the evidence it pronounces on is simply not helpful. Indeed, DeHass is distracting.
 {¶ 52} In 1997, the Supreme Court of Ohio provided a different perspective on the role of the appellate court in challenges to manifest weight: "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"`thirteenth juror'"' and disagrees with the fact finder's resolution of the conflicting testimony."State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing Tibbs v. Florida (1982)457 U.S. 31, at 42.
 {¶ 53} The Ohio Supreme Court then quotes a fuller explanation found in State v. Martin (1983), 20 Ohio App.3d 172, 175: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 54} The Ohio Supreme Court incorporated this same statement as if it were its own when the Court explained the standard it was using in the 2001 case of State v. Issa, 93 Ohio St.3d 49. In these later cases, the Court makes no distinction between primary and secondary roles of the courts on questions of manifest weight. Thus it is not clear what the Court meant in 1967 when it said "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." Nor is it clear what "primarily" means if the appellate court sits as a "thirteenth juror" and weighs evidence, as Thompkins says. In other words, if the appellate court is a "thirteenth juror," the appellate court is the equivalent of a "trier of fact" regarding manifest weight, which is a question of weighing the evidence.
 {¶ 55} An appellate court is understandably limited, on the other hand, on matters of credibility, but only if credibility depends upon demeanor during the trial. Credibility, however, includes more than demeanor. It may depend upon a witness's choice of words or contradictions between statements — matters that a reviewing court can also observe from a transcript. If the meaning of "primarily," as used in DeHass, is limited to credibility based upon demeanor, then the principle enunciated in DeHass is reconcilable with Thompkins. If it is not, I believe the fuller and more recent statements found in Thompkins
and Issa provide the better explanation of the role of a reviewing court on the manifest weight of the evidence, especially in criminal cases. In the case at bar, the majority opinion does not indicate that the demeanor of any witness was important. Nor has the majority opinion analyzed the weight of the evidence here. Because I believe that the manifest weight of the evidence from the transcript supports the verdict, I concur in the judgment, but not in the analysis of the law provided in the majority opinion.
[2] "The law stated in a Supreme Court opinion is contained within its syllabus * * * and its text, including footnotes." Supreme Court Rules for the Reporting of Opinions (B)(1) (emphasis added).